# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUBYE PHILLsIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-527-D |
| ) | |
| TARGET STORES, INC., ) | |
| T-43 a/k/a TARGET ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment [Doc. No. 34], to which Plaintiff has responded [Doc. No. 35]. The matter is fully briefed and at issue.

## BACKGROUND

On December 19, 2013, Plaintiff and her niece went to a Target store located in Northwest Oklahoma City at Northwest 50th and May Avenue. Plaintiff went to the soap aisle and placed a bottle of Dawn dishwashing detergent in her shopping cart. After placing the bottle of dishwashing detergent in her cart, Plaintiff continued to shop. Plaintiff walked approximately two aisles away before she stopped her shopping cart to look at additional items. Plaintiff stopped for less than a minute, then fell due to a puddle of dishwashing detergent that simultaneously formed as she stopped. The puddle was no bigger than the size of a business card.

The length of time that passed from when Plaintiff first put the soap in her cart to the time that she fell was approximately a minute. Plaintiff claims that the soap dripped from the bottle while it was in her shopping cart until the point in time when she fell. The drip began as little droplets, which spread over approximately two and one-half aisles leading up to the place where Plaintiff fell. Neither Plaintiff nor her niece saw the droplets prior to Plaintiff's fall.

Plaintiff sued Defendant in Oklahoma County District Court. She alleged that the detergent bottle "was not robust enough for shipment, was damaged in transport and negligently shelved or … had been dropped and restacked." Petition, ¶ 9. Plaintiff further alleged that she suffered extensive injuries to her knee, which were "the result of a defective container or negligence of the defendant in detecting the leak when the product was stacked on store shelves." *Id*. ¶ 14. Defendant timely removed the action to this Court.

**STANDARD OF DECISION**

Rule 56(a), Federal Rules of Civil Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014); *Birch v. Polaris*

*Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id.*

Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in "specific, factual form" to establish a genuine factual dispute. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991)). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004). Unsupported conclusory allegations do not create an issue of fact. *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

## DISCUSSION

Under Oklahoma law, to establish a prima facie case of negligence, a party must prove, by a preponderance of the evidence: (1) a duty owed by the defendant to protect plaintiff from injury; (2) defendant's failure to fulfill that duty; and (3) injuries to plaintiff proximately caused by defendant's failure to meet the duty. *Scott*

*v. Archon Group, L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211. In the context of premises liability, under Oklahoma law, a business owes a duty to its invitees or customers to exercise ordinary care in keeping parts of the premises used by customers in a reasonably safe condition and to warn customers of dangerous conditions on the premises that are known or should be known to the business.[1] *Brown v. Wal-Mart Stores, Inc.*, 11 F.3d 1559, 1563 (10th Cir. 1993); *Beatty v. Dixon*, 1965 OK 169, ¶ 8, 408 P.2d 339, 342 ("It is the settled rule in Oklahoma that the owner of premises owes the duty to an invitee thereon to exercise ordinary care not to injure him. This includes the duty to warn the invitee of any danger thereon of which the owner knows, or ought to know, and which is unknown to the invitee.") (citation omitted).

A business cannot be held liable "unless it be shown that [it] had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Rogers v. Hennessee*, 1979 OK 138, ¶ 9, 602 P.2d 1033, 1035 (citation omitted). The requisite notice may be actual or constructive; constructive notice might arise from proof that a condition had existed for a sufficient length of time that the owner should have discovered it or from proof that the owner had failed adequately to inspect the premises for dangers known to

---

[1] The nature of the duty depends on whether the entrant (i.e., plaintiff) was a trespasser, licensee or invitee. *Scott*, 191 P.3d at 1211. Here, it is undisputed that Plaintiff was an invitee.

arise. *Id.* at 1035-36. Generally, it is a question of fact as to whether a dangerous condition has existed long enough so that a reasonable person exercising ordinary care would have discovered it. *Safeway Stores, Inc. v. Keef*, 1966 OK 140, ¶ 16, 416 P.2d 892, 896. Nevertheless, summary judgment may be appropriate where the plaintiff presents no evidence of a genuine dispute. *See, e.g., Lewis v. Dust Bowl Tulsa, LLC*, 2016 OK CIV APP 43, ¶ 21, 377 P.3d 166, 173 (affirming summary judgment in favor of defendant on premises liability claim, noting "the mere contention that material facts are in dispute is not sufficient to defeat a plea for summary judgment.") (citation omitted).

Plaintiff argues in opposition to summary judgment that Defendant was negligent by failing to inspect the detergent bottle while stacking the product. Pl. Resp. Br. at 3. Plaintiff also contends that Defendant:

> should have discovered the cracked lid or placed a warning … that the product should be inspected for damage before placing in her cart. The dangerous condition that Target should have discovered is the cracked lid[;] the drops on the floor were the result of that negligence, not that Target should have noticed the dripping from her cart, the result of the dangerous condition.

*See id.* at 4. The problem with Plaintiff's statement is that, at this stage of the proceedings, Plaintiff has the burden to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Bacchus Indus.*, 939 F.2d at 891. Plaintiff may not rest upon the mere allegations of her pleadings; rather, she must go beyond the pleadings and establish, through admissible evidence, that there is a

5

genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor*, 358 F.3d at 786. Unsupported conclusory allegations will not suffice. *Finstuen*, 496 F.3d at 1144.

Plaintiff's response does what the law forbids. Other than her allegations, Plaintiff has presented no evidence to support her assertion that (1) the detergent bottle was cracked or otherwise defective, (2) Defendant knew the bottle was broken or had an opportunity to discover it was broken, and/or (3) Defendant knew, or in the exercise of ordinary care, should have known of the spilled detergent on the floor. Simply stated, the Court finds "[n]o evidence tending to show that at the critical time and place [Defendant] had knowledge, actual or constructive, of the offending defect or was negligent in failing to discover it." *Rogers*, 602 P.2d at 1036; *Safeway Stores, Inc. v. Feeback*, 1964 OK 3, ¶ 18, 390 P.2d 519, 521 (in suit for injuries allegedly caused by plaintiff slipping on carrots in grocery aisle, judgment for plaintiff was reversed where "[t]here was no evidence as to how [the carrots] came to be on the floor or as to how long they had been there.").

In short, Plaintiff has pointed to no fact or evidence in the summary judgment record that demonstrates a genuine issue concerning the notice/knowledge element of her claim. Therefore, Defendant is entitled to summary judgment in its favor.

## CONCLUSION

Defendant's Motion for Summary Judgment [Doc. No. 34] is **GRANTED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 11th day of October 2017.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE